UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLI MARIE CARROLL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:20-cv-00491-HBK<br><br>OPINION AND ORDER[1]<br><br>(Doc. No. 14) |

Kimberli Marie Carroll ("Plaintiff") seeks judicial review of the Social Security Administration Appeals Council dismissal of her request for review of the Administrative Law Judge's decision. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument.

For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

On March 23, 2017, Plaintiff protectively filed a Title II application for supplemental security income with a disability onset date of January 22, 2017. (AR 156-58). Benefits were denied initially (AR 149-53), and upon reconsideration (AR 142-47). A hearing was conducted

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. Nos. 5, 7).

before Administrative Law Judge Shiva Bozarth ("ALJ") on August 14, 2019.  (AR 46-78).  Plaintiff was represented by counsel and testified at the hearing.  (*Id*.).  On September 19, 2019, the ALJ issued a partially favorable decision, finding that Plaintiff was disabled for the closed period of January 22, 2017 through March 24, 2019, but finding medical improvement occurred as of March 15, 2019, at which point Plaintiff's disability ended.  (AR 21-45).  Plaintiff was simultaneously informed on September 19, 2019 that any appeal of the ALJ's decision must be filed within 60 days of the date the notice of decision was received, which is assumed to be 5 days after the date of the notice.  (AR 17-19).

On November 26, 2019, Plaintiff's counsel submitted a "Good Cause Statement for Late Filing Request for Review (CFR Section 404.911)."  (AR 12-14).  On December 9, 2019, the Commissioner acknowledged receipt of the request for review of the ALJ's decision and indicated that they would consider new and material evidence, as well as a statement about the facts and law in the case, but separately would determine whether the appeal was timely filed.  (AR 9-10).  On December 9, 2019, Plaintiff's counsel submitted a document entitled "Appeals Council Brief," that did not address the timeliness of the request for review; rather, Plaintiff's counsel briefly noted that the "the ALJ committed errors warranting a review," and requested that the Appeals Council remand the case for further review by the ALJ.  (AR 7-8).  On January 31, 2020, the Appeals Council found no good cause to extend the time for filing and dismissed Plaintiff's request for review of the ALJ decision.  (AR 4-5).  Thus, as noted by the Appeals Council, the ALJ's decision stands as the final decision of the Commissioner.  (*Id*.).  Following the Appeals Council's dismissal, Plaintiff filed the present complaint for judicial review on April 6, 2020.  (Doc. No. 1).

## APPLICABLE LAW

A claimant may request review by the Appeals Council of an ALJ's decision on the merits. 20 C.F.R. §§ 404.967-404.981.  In order to do so, the claimant must file a written request for review within sixty days after receiving notice of the ALJ's decision, unless the Appeals Council extends that deadline for good cause.  20 C.F.R. § 404.968.  In considering whether a claimant has good cause for missing a deadline to request review, the Commissioner considers: (1) the

circumstances that prevented the claimant from making a timely request for review; (2) whether the Commissioner's actions misled the claimant; (3) whether the claimant did not understand the requirements of the Act due to amendments, legislation, or court decisions; and (4) whether the claimant had physical, mental, educational, or linguistic limitations which prevented him from a timely filing request. 20 C.F.R. § 404.911(a).  "Examples of circumstances where good cause may exist include, but are not limited to, ... [y]ou were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative or other person." 20 C.F.R. § 404.911(b)(3).  A claimant is deemed to have received notice of the ALJ's decision five days after the date on the notice unless the claimant can establish that she did not receive it within the five-day period.  20 C.F.R. § 404.901.  If a claimant does not file a request for review within the stated period and the Appeals Council does not extend the time for filing for good cause, the Appeals Council will dismiss the request for review.  20 C.F.R. § 404.971.

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) of the Social Security Act, which reads in relevant part,

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g). Recently, the U.S. Supreme Court unanimously held that the Appeals Council's dismissal of a claimant's untimely request for a review of an ALJ's merits decision is a "final decision … made after a hearing" as defined in § 405(g) and, therefore, subject to judicial review. *Smith v. Berryhill*, 139 S.Ct. 1765, 1780 (2019).  Where the Appeals Council's determination that a claimant's request for review is untimely is supported by substantial evidence, the court reviews the SSA's decision not to excuse the untimely filing only for abuse of discretion. *Id*. at 1779 n.19.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). "'Substantial evidence' means 'more than a scintilla,' but 'less than a preponderance.'" *Smolen*,

3

80 F.3d at 1279 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) and *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)) (internal citations omitted).  A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

## ANALYSIS

Plaintiff acknowledges the notice of the ALJ's partially favorable decision was issued on September 19, 2019, and Plaintiff was presumed to have received notice of the decision "5 days after the date of the notice," which was September 24, 2019. (Doc. No. 14 at 7).  As Plaintiff notes, the 60-day period expired on November 23, 2019, a Saturday.  (*Id*.).  "Thus, Plaintiff's 65-day period within which to timely request the Appeals Council review the ALJ's decision ended on Monday, November 25, 2019.  Plaintiff's counsel submitted a request the next day, November 26, 2019." (*Id*.).  Plaintiff concedes that she failed to request review of the ALJ's decision within 60 days from the date that the notice of decision was presumed to be received, as required under 20 C.F.R. § 404.968(a); however, Plaintiff argues that the Appeals Council abused its discretion in dismissing Plaintiff's request for review by "relying on unsupported reasoning." (Doc. No. 14 at 8).  The Court disagrees.

In a letter dated November 26, 2019, Plaintiff filed a "Good Cause Statement for Late Filing of Request for Review."  (AR 12-14).  In this statement, Plaintiff's counsel indicated that her office received the notice of decision on September 25, 2019, and "immediately attempted to contact" Plaintiff, however:

> [t]wo unforeseeable issues arose which impeded our ability to timely appeal this decision.  First, our office simply could not get in touch with this claimant.  Our records indicate we attempted to contact this claimant on numerous occasions both telephonically and via ground mail, but to no avail.  Making matters worse, our lead attorney became unexpectedly ill and had to take a leave of absence, leaving only her emergency contract attorneys and legal assistants to run the business.  When the claimants Decision came in, there was no one in the office who could properly advise this client as to her legal options; namely whether it was in her best. interest to request review of the Partially Favorable Decision.  The contract attorneys were filling in at the hearings, and the legal assistants were working behind the scenes in the office to postpone what they could, and manage the rest of the business as best as possible.  Hence, we could not get into contact with the claimant; and at the same time, our lead attorney was

> sick.
>
> Finally, on Monday, November 25, 2019, the lead attorney, Melissa. A. Proudian was well enough to spend time in the office. but is still not well enough to attend hearings. Thankfully she is now able to work a couple hours a day in the office, and was able to analyze Ms. Carroll's Partially Favorable Decision. Additionally, we were fortunate enough to finally contact the claimant this week, and together we decided it was in her best interest to appea] [sic] her Partially Favorable Decision because she disagrees with the ALJ's Decision — she is still gravely ill. She has not gotten better; rather her condition has, unfortunately gotten far worse. Apparently [sic] that is the reason we had trouble contacting her.

(AR 13). On January 31, 2020, the Appeals Council found there was no good cause to extend the time for filing and dismissed Plaintiff's request for review. (AR 4-5). In support of this finding, the Appeals Council found that Plaintiff's representative

> attempted to contact [Plaintiff] to ask if [she] wanted to appeal the decision. However, the representative could not reach [Plaintiff]. In addition, the lead attorney on the case became ill unexpectedly and had to take a leave of absence. [Plaintiff's] representative was finally able to reach [her] during the week of November 25, 2019; however, this date was still more than 60 days after the date of the decision. [Plaintiff] was required to file her request for review within 60 days after the date of decision but she failed to do so. In addition, the lead attorney on the case was not able to reach [Plaintiff] even before the attorney became ill.

(AR 4).

Plaintiff argues the Appeals Council's reasons for finding no good cause to extend the deadline for filing are not supported by substantial evidence, and that the Appeals Council abused its discretion in dismissing Plaintiff's request for review by "relying on unsupported reasoning." (Doc. No. 14 at 7-8). In support of this argument, Plaintiff cites the Appeals Council's finding that Plaintiff's representative was "finally" able to reach Plaintiff during the week of November 25, 2019, but "this date was still more than 60 days after the date of the decision." (AR 4). Plaintiff argues that (1) it is "uncertain" as to whether the Appeals Council was "taking into account" the 5-day period added to the 60 days within which Plaintiff was presumed to receive notice, and (2) contrary to the "Appeals Council's statement that counsel's communication with Plaintiff 'during the week of November 25, 2019' supports being time-barred, a written request for Appeals Council review submitted on November 25, 2019 would have been timely." (Doc.

No. 7).  Thus, according to Plaintiff "[g]iven the ambiguous manner in which the Order is written as to the date calculation and that the Order of Appeals Council does not affirmatively state the last date upon which Plaintiff's request for review would have been considered timely, it is unclear as to whether the Appeals Council was aware as to the one-day delay actually at issue." (Doc. No. 14 at 7-8).  This argument is inapposite for several reasons.

First, and most notably, the Appeals Council decision clearly states that Plaintiff's request for review was filed on November 26, 2019, which was not within 60 days from the date of notice as required under 20 C.F.R. § 404.968(a), and the decision specifically noted that the date of receipt is presumed to be five days after the date of such notice.  (AR 4).  Second, the Appeals Council is merely summarizing Plaintiff counsel's own statement that she was "finally able" to reach Plaintiff "during the week of" November 25, 2019, which the Appeals Council reasonably inferred was in large part "still more than 60 days after the date of the decision."  (AR 4, 13); *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (ALJ's findings will be upheld if supported by inferences reasonably drawn from the record.).  Plaintiff's counsel presented no documentation of her attempts to contact Plaintiff, nor does she provide evidence that she contacted Plaintiff prior to November 26, 2019, at which point the request for review became untimely.  Thus, the Court finds no evidence that the Appeals Council erred in assessing the appropriate deadlines for the purposes of whether Plaintiff timely filed her request for review.

Next, Plaintiff submits the Appeals Council's "reasoning that 'the lead attorney on the case was not able to reach [Plaintiff] even before the attorney became ill' has no basis," because the "Good Cause Statement for Late Filing of Request for Review does not provide the date upon which Plaintiff's counsel became ill or the specific dates of Plaintiff's leave from the office due to illness. . ..  Thus, it is unknown as to whether Plaintiff's counsel was absent from the office due to illness before the September 25, 2019 receipt of the ALJ's Notice of Decision through November 25, 2019 when counsel was 'finally' 'well enough to spend time in the office, and was able to analyze [Plaintiff's] Partially Favorable Decision."  (Doc. No. 14 at 8).  While the Court agrees Plaintiff failed to provide specific documentation of the dates of counsel's illness and the specific dates Plaintiff was contacted by phone and email, it is unclear to the Court how this lack of

supporting documentation from Plaintiff as to the precise dates of Plaintiff counsel's illness supports a finding that the Appeals Council abused its discretion in dismissing Plaintiff's untimely request for review.  Similarly, whether Plaintiff's "lead attorney" was absent from the office *before* she received the notice of decision is not relevant in this case.  And finally, Plaintiff counsel's "Good Cause Statement" indicates that Plaintiff counsel's "office" received the notice of decision and "immediately attempted" to contact Plaintiff, but they were unable to "get in touch" with Plaintiff, and "[m]aking matters worse, [the] lead attorney became unexpectedly ill and had to take a leave of absence. . . . Hence, we could not get into contact with [Plaintiff]; and at the same time, our lead attorney was sick." (AR 13).  A plain reading of the "Good Cause Statement" submitted by Plaintiff supports the ALJ's finding that Plaintiff's lead attorney was unable to contact Plaintiff even before she became "unexpectedly ill." (AR 4).  Based on the foregoing, the Court finds the Appeals Council's finding that there was no good cause to extend the deadline for filing was legally sufficient and based on substantial evidence.

## CONCLUSION

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the Commissioner.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's reviews the Appeals Council decision only for abuse of discretion and whether it was supported by substantial evidence.  Applying this standard of review, the Commissioner's decision is affirmed.

Accordingly, it is **ORDERED**:

1. The decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.

2. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated:   December 7, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7